# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN WINDOM, *et al.*, <br>   Plaintiffs, <br> v. <br> DIANN BRANDON, *et al.*, <br>   Defendants. | Case No.: 2:25-cv-00261-CDS-NJK <br><br> **Order** <br><br> [Docket No. 37] |

  Pending before the Court is the parties' stipulation to extend discovery deadlines by 60 days. Docket No. 37.

  A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

  When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Id*.

  The stipulation seeks relief because of a pending motion for summary judgement. Docket No. 37 at 3. The parties are well aware that the pendency of a motion alone does not establish good cause for an extension. *See* Docket No. 22 at 2. The parties also seek relief because, they

state, since Defendant PV Holdings Corporation did not answer the complaint until June 12, 2025, "there was no way for the parties to have conducted any discovery within the current scheduling order." Docket No. 37 at 3. The parties' statement run counter to prevailing caselaw. The parties have improperly granted themselves a stay of discovery.

Therefore, the parties have failed to demonstrate diligence. The Court entered the scheduling order on February 27, 2025. Docket No. 9. Nonetheless, the parties have conducted zero affirmative discovery. Docket No. 37 at 1-2; *see also* Docket No. 28 (denying the parties' previous stipulation to extend discovery deadlines because they failed to demonstrate diligence).

Further, yet again, the instant stipulation fails to meet the requirements of the local rules. *See* Docket Nos. 22, 28. The parties do not provide a specific description of the discovery that remains to be completed, *see* Local Rule 26-3(b); instead, the parties submit that the discovery to be completed includes several depositions and additional written discovery. Docket No. 37 at 2. This lacks the required specificity.

Accordingly, the parties' stipulation is **DENIED**.[1] Docket No. 37.

IT IS SO ORDERED.

Dated: July 8, 2025

                                              Nancy J. Koppe
                                              United States Magistrate Judge

---

[1] As the Court finds that the parties have not shown good cause, it need not reach the issue of excusable neglect.