UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Christian Windom, et al.,<br><br>            Plaintiffs<br><br>v.<br><br>Diann Brandon, et al.,<br><br>            Defendants | Case No. 2:25-cv-00261-CDS-NJK<br><br>**Order Granting Defendant Warren's Unopposed Motion to Enforce Settlement, Defendant Brandon's Motion for Summary Judgment, Defendant PV Holding Corp.'s Unopposed Motion for Summary Judgment, and Denying Plaintiffs' Motion to Extend Time**<br><br>[ECF Nos. 12, 17, 20, 39] |

      This is a negligence and liability action arising from a car accident that occurred in Las Vegas, Nevada, on or about July 27, 2023. *See* First am. compl. (FAC), ECF No. 31. The plaintiffs, Christian Windom and Haley Gale, initially brought this action against defendants Diann Brandon and Gilmore Warren, II in the Eighth Judicial District Court of Clark County, Nevada. *See* Compl., ECF No. 1-1. On February 6, 2025, Brandon removed the action to this court based on diversity jurisdiction. *See* Pet. for removal., ECF No. 1. In June of this year, the plaintiffs amended the complaint to add a new claim against Brandon and Warren, and to add defendant PV Holding Corp. and a claim pursuant to Nevada Revised Statute (NRS) 482.305. *See* ECF No. 31.

      There are several motions pending before the court. First, defendant Warren filed a motion to enforce settlement. Mot. to enf. sett., ECF No. 12. Despite granting the plaintiffs an extension to respond to the motion (ECF No. 16), the defendant's motion remains unopposed; instead, the plaintiffs filed a second motion to extend time. Mot., ECF No. 17. Then, defendant Brandon filed a motion for summary judgment. Mot. summ. j., ECF No. 20. That motion is fully briefed. Resp., ECF No. 24; Reply, ECF No. 29. Finally, defendant PV Holding Corp. filed a motion for summary judgment. Mot. summ. j., ECF No. 39. No opposition to that motion is filed, and the time to do so has passed. Nonetheless, at the summary judgment stage, I must consider the merits of the underlying claims, despite the plaintiffs' failure to respond. For the reasons

herein, I deny the plaintiffs' second motion to extend time to respond, but I grant Warren's unopposed motion to enforce, Brandon's motion for summary judgment, and PV Holding's unopposed summary judgment motion.

I.  **Legal standards**

  A.  **Motion to enforce settlement**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (collecting cases). An action to enforce a settlement rests on "principles of contract formation to determine whether a settlement agreement exists." *Hatami v. Kia Motors Am., Inc.*, 2011 WL 1456192, at *1 (C.D. Cal. Apr. 14, 2011) (citations omitted). Indeed, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

Nevada law requires "an offer and acceptance, meeting of the minds, and consideration" to constitute an enforceable contract. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "A contract can be formed . . . when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later." *Id.* "However, the district court may enforce only complete settlement agreements." *Callie*, 829 F.2d at 890. "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.*

  B.  **Motion for summary judgment**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is material if it could affect the outcome of the case. *Id.* at 249. At the summary-judgment stage, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Rule 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

## II.     Background[1]

As alleged in the FAC, on or about July 27, 2023, Warren was driving a vehicle on Tropicana Avenue, near the intersection of Wilbur Street, in a 2023 Ford F-150 that was rented to defendant Brandon by PV Holding Corp. ECF No. 31 at 3, ¶¶ 9–11. While making a right turn,

---

[1] Unless otherwise noted, citation to the first amended complaint (ECF No. 31) is to provide context to this case, not to serve as a finding of fact.

3

Warren drove in front of Windom, who was driving her 2014 Mercedes Benz, causing an accident and damage to both vehicles. *Id.* at ¶¶ 12–14. The complaint does not, however, explain or allege with any specificity how Gale was involved in the accident.[2] The plaintiffs allege that as a result of the accident, they suffered personal injuries which necessitated medical treatment and care. *See id.* at ¶¶ 16–18. So the plaintiffs bring negligence and negligence per se claims against Warren and Brandon. *See id.* at 4–5.

Brandon does not dispute that she rented the Ford F-150. *See* ECF No. 20 at 2; Rental agreement in Brandon's name, Def.'s Exs. B & C, ECF Nos. 20-2, 20-3. That rental agreement identifies Warren as an additional driver. ECF No. 20-2 at 3. Brandon was not present when the accident occurred. Rather, there were only two minors in Warren's vehicle at the time of the accident.

The FAC further alleges that PV Holding Corporation is a short-term lessor of vehicles. ECF No. 31 at ¶ 35. PV Holding leased the Ford F-150 to Brandon, and either PV Holding or Brandon gave Warren permission to "take control and operate" that truck. *Id.* at ¶¶ 38–39. The plaintiffs allege that, pursuant to NRS 4823.05, PV Holding had a duty to provide $25,000.00 in excess of any personal coverage per injured person. *Id.* at ¶ 40. The plaintiffs contend that PV Holding breached its duty when it failed to fulfill its financial responsibility according to NRS 482.305. *Id.* at 41.

---

[2] The only reference to plaintiffs (plural) is in paragraph 36, alleging that plaintiffs and defendants were involved in the July 27, 2023 accident. *See* ECF No. 31 at ¶ 36.

4

## III. Discussion

### A. Defendant Warren's motion to enforce settlement is granted as unopposed (ECF No. 12).

Warren filed an unopposed motion to enforce settlement.[3] ECF No. 12. I am granting the motion as unopposed, but I nonetheless analyze the motion because it is meritorious. Warren argues that on May 29, 2024, the plaintiffs' counsel, Dimopoulos Law Group, submitted a settlement demand on behalf of Windom and a subsequent demand on behalf of Gale on August 15, 2024. *Id.* at 3 (citing Def.'s Ex. A, ECF No. 13-1 at 9–15 ). The demands affirmatively stated, "If and when GEICO commits to pay the policy limit, our client will execute a full and final release of all claims." *See id.* at 4, 7.

Warren's insurance carrier, GEICO, accepted Windom's demand for the policy limits and sent written confirmation of this acceptance to Dimopoulos Law Group on June 28, 2024. *See* Def.'s Ex. B, ECF No. 13-1 at 10. On the same date, GEICO mailed a release in the amount of $30,000 for Warren to "Steve Dimopoulos" at the Dimopoulos Law Group. *Id.* at 12–14. Then, on August 19, 2024, GEICO also accepted Gale's demand for the policy limits. *Id.* at 11. On the same date, GEICO mailed a release in the amount of $30,000.00 for Warren to "Steve Dimopoulos" at the Dimopoulos Law Group. *Id.* at 15. The copy of Gale's release is not as complete as the release for Windom, as it only contains the letter directed to Steve Dimopoulos stating, "Enclosed is a release in the amount of $30,000.00. This is for full and final settlement of the referenced claim. Please follow the instructions indicated below." *Id.* Warren's motion also provides proof of payment in the amount of $30,000.00 in the form of record showing checks made payable and sent to "Christian R. Windom and Steve Dimopoulos Law Firm" and "Haley Gale and the Steve Dimopoulos Law Firm" as payment for "Bodily Injury Coverage," "Full & final settlement of any

---

[3] As noted above, this court granted plaintiffs' motion to extend time to respond to this motion on May 1, 2025. Order, ECF No. 16. A second motion to extend time to respond was filed on May 6, 2025, the day after the response was due, representing that the response would be filed by May 9, 2025. *See* ECF No. 17. To date, no response was ever filed. Accordingly, the second motion to extend time is denied. Warren filed a notice of non-opposition to his motion on June 26, 2025. Notice, ECF No. 26.

& all claims or liens both known and unknown" in 2024. Def.'s Ex. C, ECF No. 13-1 at 19–20. Warren asserts that by the time the plaintiffs brought this complaint, Windom had already cashed his settlement check. ECF No. 13 at 4.

Warren's motion is granted as unopposed. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."); *see also Stichting Pensioenfonds APB v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (quotation omitted). The uncontested record sufficiently shows that GEICO accepted the plaintiffs' policy limit demands and made good on their acceptance by sending the plaintiffs checks. Stated otherwise, a contract was formed when the plaintiffs made an offer, there was a meeting of the minds, that offer was accepted, and the $30,000 checks were sent and accepted as consideration.[4] Accordingly, the court finds that the claims against Warren were settled before this action was initiated in December of 2024. Regardless, the motion to enforce settlement is granted as unopposed. Further instructions are included below.

**B.  Defendant Brandon's motion for summary judgment is granted (ECF No. 20).**

Brandon moves for summary judgment, arguing that none of the allegations in the complaint relate to her because she was not present at the time of the accident. *See* ECF No. 20. She contends that because she was not in control of the vehicle, much less even present at the time of the accident, the plaintiffs cannot establish the necessary negligence elements of breach and duty. *Id.* In opposition, the plaintiffs do not address Brandon's lack of evidence arguments. Instead, the plaintiffs argue that the court should deny the motion because Brandon failed to

---

[4] The record is not wholly complete in that it is unclear if one or both of the plaintiffs cashed the $30,000.00 checks GEICO sent to them. It is incomplete because the plaintiffs failed to respond to the motion. Thus, any opposition to Gilmore's representation that Windom cashed his check is waived.

6

comply with the court's February 27, 2025 scheduling order requiring production of initial disclosures by March 18, 2025. ECF No. 24 at 5. The plaintiffs also argue that Brandon incorrectly alleges there is no "negligent entrustment" claim brought against her, citing to their unopposed May 7, 2025 motion to amend the complaint that adds that claim. *Id.* at 6. The plaintiffs then rely on *Zugel by Zugel v. Miller*, 688 P.2d 310 (1984), arguing that settled law demands that a jury resolve the question of whether a defendant is negligent in entrusting a motor vehicle to another person. *Id.* at 6–7. In reply, Brandon first refutes the plaintiffs' argument that she failed to comply with the initial disclosure deadline, noting that the plaintiffs were served with initial disclosures on March 18, 2025, and attached a copy of the disclosure. *See* ECF No. 29; ECF No. 29-1. Brandon also maintains that at the time her motion was filed, there was no negligent entrustment claim lodged against her, but even if it were, the claim still fails because Warren had permission to drive the truck involved in the accident. *Id.* at 4–5. Finally, Brandon argues that the negligent entrustment claim also fails because the evidence shows Warren was a competent driver at the time of the accident. ECF No. 29 at 5.

Brandon's motion is granted. As a threshold matter, the plaintiffs' contention that Brandon's motion should be denied because Brandon did not comply with initial disclosures deadline is now belied by the record. Brandon provided initial disclosures in accordance with the court's order, so this argument fails.

Second, the plaintiffs' fail to show there is a genuine issue of material fact on the negligence claim. To prevail under a negligence claim, the plaintiffs must prove: "(1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Ent., LLC*, 180 P.3d 1172, 1175 (Nev. 2008). The plaintiffs fail to demonstrate the necessary elements of duty and breach. Brandon was not operating the vehicle or even at the scene of the accident. The plaintiffs seem to recognize the lack of evidence, as their only "argument" in opposition to summary judgment on the negligence claim is that this is an issue for a jury to decide. But an opposing party must demonstrate that the fact in contention is material, meaning it is a fact that

might affect the outcome of the suit under the governing law. *See Anderson*, 477 U.S. at 248. They must also demonstrate that the dispute is genuine—i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52. A mere assertion that "a jury should decide" demonstrates neither that the fact in contention is material nor that there is a genuine dispute sufficient to survive summary judgment. Litigants are responsible for making all relevant arguments and directing the court's attention to the supporting evidence. Indeed, conclusory statements, speculative opinions, pleading allegations, or other general assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The plaintiffs fail to support their argument with evidence or law, so Brandon's motion for summary judgment on the negligence claim is granted.

The plaintiffs also cannot succeed on their now- pleaded[5] negligent entrustment claim against Brandon. Under Nevada law, a person may be liable for negligent entrustment if he "knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle." *Zugel*, 688 P.2d at 312. A claim of negligent entrustment also **requires** the plaintiff to show that (1) "an entrustment actually occurred," and (2) "the entrustment was negligent." *Id.* at 313 (emphasis added). Plaintiffs fail to meet both elements. First, the record shows that Warren was listed as an "Additional Driver." *See* ECF No. 20-3 at 3. Thus, Brandon did not entrust the Ford F-150 to Warren, he was an authorized driver. Second, there is no evidence that the rental car company's entrustment was negligent. To the contrary, the evidence shows that Warren signed the "Additional Driver Application/Agreement form," Warren affirmatively represented that he was "25 years or older; possesse[d] a valid driver's license, and agree[d] to the terms of the rental shown on both sides of the Rental Agreement, (or

---

[5] Brandon correctly notes that at the time her motion was filed, there was no negligent entrustment claim pending against her. The plaintiffs' motion to amend was not granted until June 9, 2025, whereas this motion was filed May 6, 2025. *Compare* ECF No. 20 (motion), *with* ECF No. 30 (order granting motion leave to amend). Brandon nonetheless addressed the claim in anticipation to the plaintiffs' motion to amend would be granted.

on the Rental Document and Rental Document Jacket, whichever is applicable at time of rental) which [he] has read and underst[ood]." ECF No. 20-2 at 3. There is no contrary evidence showing Warren lied in this affirmation, or that he was unfit in any other way. And the record is devoid of any evidence supporting, much less suggesting, Brandon somehow knew Warren lied on his affirmation or to Brandon about his qualifications. Accordingly, Brandon's motion for summary judgment on the negligent entrustment claim is granted.

Brandon is also entitled to summary judgment on the negligence per se claim. The plaintiffs wholly failed respond to Brandon's motion for summary judgment on this claim. "If a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also Heinemann*, 731 F.3d at 917. Here, the undisputed facts show Brandon was neither the driver nor present at the scene of the accident and the plaintiffs cite NRS 484B.400 to bring the negligence per se claim. To prove a claim under this theory, the plaintiffs must prove that (1) they belong to a class of persons that a statute is intended to protect, (2) their plaintiff's injuries are the type the statute is intended to prevent, (3) the defendant violated the statute, (4) the violation was the legal cause of the plaintiff's injury, and (5) the plaintiff suffered damages. *Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (1997). Because there are no facts showing Brandon did, much less could have, violated NRS 484B.400, this claim fails, so Brandon's motion for summary judgment is granted.

   **C.**  **Defendant PV Holding's unopposed motion for summary judgment is granted (ECF No. 39).**

PV Holding filed a motion for a summary judgment, arguing that the plaintiffs assert an "unintelligible cause of action" against them, and the Graves Amendment preempts any claim of

negligence brought by the plaintiffs against them.[6] *See* ECF No. 39. The plaintiffs failed to respond to the motion.

I do not disagree that the plaintiffs' cause of action is difficult to discern. Citing NRS 482.305, the plaintiffs allege that "PV Holding Corporation had a duty to provide $25,000.00 according to State of Nevada Liability Limits, per injured person, as required pursuant to NRS 482.305 in excess of any personal coverage carried by the lessor(s)." ECF No. 31 at 5, ¶ 40. They further allege that "PV Holding Corporation breached that duty when failed in its financial responsibility according to NRS 482.305 when it failed or declined to provide such required coverage to Plaintiffs." *Id.* at 6, ¶ 41. The court's best guess is the plaintiffs claim this statute creates some sort of duty between PV Holding and themselves. But this statute primarily addresses the liability of short-term **lessors and lessees** of motor vehicles for damages caused by negligence in operating rented vehicles. *See* NRS 482.305. The plaintiffs are neither the lessors nor the lessees of the rented F-150 involved in the accident. And because the plaintiffs failed to respond, there is no evidence or arguments before the court to sufficiently create a genuine of material fact that PV Holding can be held liable under this statute. So I grant PV Holding's unopposed motion for summary judgment. *See Gill Indus., Inc.*, 983 F.2d at 950.

## IV. Conclusion

IT IS THEREFORE ORDERED that Warren's motion to enforce settlement **[ECF No. 12] is GRANTED**.

The plaintiffs are ordered to fully execute the release agreements, or enter into settlement agreements memorializing the agreement, no later than January 2, 2026. The parties must also file a joint notice of settlement or a dismissal no later than January 16, 2026.

---

[6] This argument has been raised, and rejected, by another court in this District. *See Mumpower v. Malco Enters. of Nevada, Inc.*, 654 F. Supp. 3d 1146 (D. Nev. 2023). While not binding, I find its reasoning and conclusion persuasive, so I adopt it here. *Id.* at *1150. Therefore, PV Holding's motion for summary on this ground is denied.

IT IS FURTHER ORDERED that the plaintiffs' motion to extend time (second request) [ECF No. 17] is DENIED.

IT IS FURTHER ORDERED that Brandon's motion for summary judgment [ECF No. 20] is GRANTED.

IT IS FURTHER ORDERED that PV Holding Corp.'s unopposed motion for summary judgment [ECF No. 39] is GRANTED.

Dated: December 17, 2025

_____
Cristina D. Silva
United States District Judge